JOE TOCCO *vs.* BANK OF ITALY.

Suffolk.　March 5, 6, 1924. — May 23, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Contract*, Construction, Performance and breach, Of deposit by purchaser with bank for payment to seller.

A merchant in California, as seller, made with a merchant in Boston, as buyer, a contract in writing whereby " in consideration of the sum of Two Hundred Dollars . . . for each carload paid by the buyer to the seller, the receipt whereof is hereby acknowledged . . . said seller agrees to sell to said buyer, and said buyer agrees to buy from seller . . . grapes . . . to be of merchantable quality, free from mildew . . . . Buyer shall pay seller for each car of grapes when ready for shipment, upon delivery of bill-of-lading to Bank of Italy, California, by seller, provided, however, that the above-mentioned sum of Two Hundred Dollars . . . paid by buyer to seller upon the execution and delivery of this contract, shall be deemed a partial payment on said grapes. . . balance to be secured by an irrevocable confirmed bank guarantee . . . in seller's favor in the Bank of Italy . . . ."　The seller shipped grapes which were not of merchantable quality and free from mildew, and there was attached to each bill of lading a certificate from a California inspector showing that fact.　The Bank of Italy refused to return the deposit of $200 per carload.　In a declaration in an action of contract or tort by the buyer against the Bank of Italy, there was no allegation of any independent agreement between the bank and the buyer as to payment only upon certificates by the inspector that the grapes were in good condition, or of disregard by the bank of instructions by the buyer with relation thereto.　Upon demurrer by the bank to the declaration, it was *held*, that

(1) The bank was authorized on presentation of the bill of lading by the seller to make payment as each carload was shipped and was under no obligation to ascertain, before making payment, whether the grapes were of the quality and in the condition called for by the contract;

(2) The plaintiff was not aided by the allegation relating to the certificate of inspection showing that the goods were not of a merchantable quality and free from mildew;

(3) In the absence of allegations of agreement between the bank and the plaintiff, or of a disregard by the bank of instructions of the plaintiff, the plaintiff was not entitled to recover.

CONTRACT OR TORT by a merchant in Boston originally against G. Rinaudo of San Francisco in the State of California, The California Growers and Shippers, Inc., and the Bank of Italy, seeking a return of money alleged to have been forwarded by the plaintiff through The First National Bank of Boston and National Shawmut Bank of Boston " as a deposit and by letters of credit issued in favor of one G. Rinaudo from whom the plaintiff purchased certain grapes as a result of correspondence, telegraphic communications and subsequent agreements."   Writ dated October 2, 1923.

The action after entry was discontinued against the defendants Rinaudo and The California Growers and Shippers, Inc.

The first two paragraphs of the contract between Rinaudo and the plaintiff were as follows:

" That for and in consideration of the sum of Two Hundred Dollars ($200.00) for each carload paid by the buyer to the seller, the receipt whereof is hereby acknowledged, and of the covenants and agreements hereinafter mentioned to be kept and performed by the respective parties hereto, said seller agrees to sell to said buyer, and said buyer agrees to buy from seller, at the prices herein mentioned, grapes, as follows:

" Eight (8) carloads of Zinfandel grapes at Seventy Dollars ($70.00) and Two (2) carloads Alicante Buchet at One Hundred Dollars ($100.00) per Ton.   Each car to contain not less than Thirteen (13) Tons and not more than Fourteen (14) Tons, and to be shipped in refrigerator cars."

Other provisions of the contract and material allegations of the declaration as amended are described in the opinion.

The remaining defendant, Bank of Italy, demurred.   The demurrer was heard by *Morton,* J., and was sustained upon the ground, therein stated, that the facts alleged in the

amended declaration did not disclose any cause of action by the plaintiff against this defendant. The judge then reported the action to this court for determination.

*J. W. Tushins*, for the plaintiff.

*D. F. Carpenter*, for the defendant.

BRALEY, J. The action was originally brought against all the defendants, but, the plaintiff having discontinued as to Rinaudo and The California Growers & Shippers, Inc., Bank of Italy is the sole defendant. The plaintiff entered into a contract with Rinaudo, who agreed to sell at a stipulated price ten carloads of grapes, each car to contain not less than thirteen, nor more than fourteen tons, to be shipped in refrigerator cars. The contract contained the following further provisions:

" All of said grapes to be delivered F. O. B. cars, shipping point California, and all of said grapes to be of merchantable quality, free from mildew and rain damage, properly loaded in the usual manner of loading cars for eastern shipment; and it is understood that the sugar or saccharine content of said grapes shall not be less than Twenty (20) sugar test.

" Seller shall load said cars in Los Angeles lug boxes, without covers, at his expense, and invoice said grapes at net weight showing on said invoices the gross weights of grapes and containers; shipments shall begin on the Third (3rd) week of September at the rate of from Four (4) to Five (5) cars a week.

" Buyer shall pay seller for each car of grapes when ready for shipment, upon delivery of bill-of-lading to Bank of Italy, California, by seller, provided however, that the above-mentioned sum of Two Hundred Dollars ($200.00), paid by buyer to seller upon the execution and delivery of this contract, shall be deemed a partial payment on said grapes, and the proper pro rata amount of said sum shall be deducted from the full purchase price of each car of grapes when the same shall be paid for under the terms of this contract; balance to be secured by an irrevocable confirmed bank guarantee authorizing payment as above provided, same to be established in seller's favor in the Bank of Italy of San Francisco, or any of its branches in California, before

September 15, 1923; said seller to notify said buyer to establish said bank guarantee at any branches of the Bank of Italy, at which the credit is desired by the seller, and said buyer to have Ten (10) days inclusive of the date of transmission of said notice, which shall be by telegraph, within which to establish said bank guarantee, and if the same is not established within such time, all of said advance payment to be set aside and to become the separate property of said seller, as liquidated damages and this contract to become null and void at seller's option.

" It is expressly understood by the parties hereto that in the event that the seller should fail to deliver to buyer any quantity of carloads of grapes less than Ten (10) carloads as agreed in this contract, then the said seller shall refund to the buyer the sum of Two Hundred Dollars ($200.00), deposited for each carload on this contract, and in addition thereto, said seller shall pay, or cause to be paid, to said buyer the sum of Two Hundred Dollars ($200.00) for each carload less than Ten (10) carloads not delivered by said buyer as liquidated damages.

" It is further understood and agreed that if it shall at any time be impossible with due diligence to secure the usual or any sufficient railway facilities and equipment in which to make shipments of the grapes herein contracted for, the seller shall be released from his obligation to make any such shipments only as far and to the extent he is prevented from performing by these reasons as herein above stated.  However, in such event of the non-shipment of grapes for any of the reasons as herein specified, the said buyer shall pay the said purchase price for all of said grapes actually shipped, and shall be entitled to full reimbursement for any part of said sum of Two Hundred Dollars ($200.00) advanced as above specified that has not been applied to the purchase price of grapes shipped."

The amended declaration contains five counts, one each in tort and in contract resting on the " deposit," one each in contract and in tort based on the " letter of credit," and a general count for money had and received by the defendant to the plaintiff's use.  It is alleged substantially in all the

counts and admitted by the demurrer, that the grapes when shipped were not of a merchantable quality and free from mildew, and that there was attached to each bill of lading a certificate from the inspector of the State of California showing that the grapes were mildewed and unfit for sale, " and that the defendant . . . had notice thereof." But in violation of its undertaking it has refused to return the deposit, or has " carelessly negligently and wrongfully " paid the deposit to Rinaudo wherefore " the plaintiff has suffered great loss," and also " claims damages for breach of the said agreement."

The declaration does not state that the plaintiff ever made any demand on the bank for the return of the deposit, and the only instruction sent to the bank is found in the following allegation: " And the plaintiff further says that by the terms of said agreement all of the said grapes were to be of merchantable quality and free from mildew and rain damage, etc.; and the plaintiff was to forward to the defendant, the Bank of Italy, the sum of $2,000 as a deposit which the said defendant, the Bank of Italy, was authorized to deliver to the said Rinaudo in instalments of $200 for each carload of grapes shipped to be applied on account of the purchase price of the said grapes in accordance with said agreement."

It is plain that the bank was authorized on presentation of the bill of lading by Rinaudo to make payment as each carload was shipped. The bank was under no obligation to ascertain, before making payment, whether the grapes were of the quality, and in the condition called for by the contract, and the plaintiff is not aided by the further allegation relating to the certificate of inspection. The instructions and the contract contained no reference to any requirement, that the grapes were to be inspected before shipment, and there is no allegation in any count, that the bank entered into any agreement with the plaintiff, that it would pay Rinaudo only upon presentation of inspector's certificates that the grapes were in good condition.

We have assumed thus far that drafts as described in the declaration were drawn by the bank, and in this way the plaintiff's money amounting to $2,000 was paid to Rinaudo.

But the bank is not alleged to have disregarded the instructions of the plaintiff, and, no independent agreement being shown, nor negligence in the performance of any duty it owed the plaintiff, he cannot recover either in tort or in contract on the theory of deposit or letter of credit. *Merchants Bank of Baltimore* v. *Merchants Bank at Boston*, 6 Met. 13, 21. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139.

*The order sustaining the demurrer is affirmed.*